UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JHON ANDERSON MENDOZA GONZALEZ,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 2:26-cv-260

Honorable Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (*Id.*, PageID.7.)[1]

[1] In addition to filing the § 2241 petition, Petitioner also filed an emergency motion seeking a temporary restraining order restricting Respondents from taking certain actions during the pendency of the action. (ECF No. 3.) As set forth in this opinion, the Court will dismiss without prejudice Petitioner's § 2241 petition and, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motion.

In an order entered on October 14, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response on October 19, 2026, (ECF No. 8.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Venezuela. (Pet'r's Br., ECF No. 2, PageID.12.) Petitioner entered the United States in 2019 "as a nonimmigrant Visitor for Pleasure with authorization to remain in the United States for a temporary period not to exceed December 10, 2019." (Resp., ECF No. 8, PageID.212. (internal citation omitted)) On July 23, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (*Id.* (internal citation omitted))

On September 21, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Mendoza Gonzalez v. Unknown Party #2 et al. (Mendoza Gonzalez I)*, No. 2:26-cv-0226 (W.D. Mich.). In *Mendoza Gonzalez I,* the Court dismissed without prejudice Petitioner's petition for a writ of habeas corpus because Respondents conceded that Petitioner was detained under § 1226 and Petitioner had not exhausted his administrative remedies by requesting a bond hearing under § 1226(a). Op. & Jud., *Mendoza Gonzalez I*, No. 2:26-cv-0226 (W.D. Mich. Oct. 13, 2026), (ECF Nos. 7, 8). On that same day, October 13, 2026, Petitioner filed this § 2241 petition, again challenging his initial detention without a bond hearing. (Pet., ECF No. 1). Since that time, Petitioner has "requested a bond hearing in immigration court, which is currently scheduled to be heard before an immigration judge on October 26, 2026, at 10:30 a.m." (Resp., ECF No. 8, PageID.213.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *cf. Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals] [(]BIA[)].'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either

dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, Petitioner asks the Court to order his immediate release or to order Respondents to hold a bond hearing pursuant to 8 U.S.C. § 1226(a). (Pet., ECF No. 1, PageID.7.) Respondents, through counsel, acknowledge that Petitioner had not requested a bond hearing until after filing this petition, and they state that the bond hearing has been scheduled for October 26, 2026. (Resp., ECF No. 8, PageID.213.) Respondents argue, *inter alia*, that the Court should dismiss this petition as moot or because Petitioner has not exhausted his administrative remedies. (*Id.*)

Petitioner has requested a bond hearing under § 1226(a) in Immigration Court; the hearing is scheduled for October 26, 2026 (Immigration Court Scheduling Notice, ECF No. 8-1, PageID.215.) Therefore, Petitioner is scheduled to receive a bond hearing, which is the relief he requested in this action, and Petitioner also has not exhausted his administrative remedies and has not demonstrated grounds for excusing the exhaustion requirement in this case. Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 26, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE